UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61357-CIV-SCOLA/ROSENBAUM

STEPHEN M. MANNO, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC, d/b/a Account Resolution
Services, and INPHYNET SOUTH
BROWARD, INC.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This matter is before the Court on Plaintiff's Motion to Compel Discovery [D.E. 29], referred to me by the Honorable Robert N. Scola, Jr. [D.E. 17]. In that Motion, Plaintiff asks the Court to overrule certain objections raised by Defendant Healthcare Revenue Recovery Group, LLC, ("HRRG") in its responses to Plaintiff's requests for admission, interrogatories, and requests for production of documents. On April 12, 2012, the Court ordered Plaintiff to "show cause why his Motion to Compel Discovery should not be denied for failure to file the Motion within the time required by the Local Rules." D.E. 39 at 2; S.D. Fla. L.R. 26.1(h)(1) (providing that a party must file a motion to compel discovery "within thirty (30) days of the occurrence of grounds for the motion" and that failure to do so, "absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought"). Having reviewed Plaintiff's Response to the Order to Show Cause, as well as the filings pertaining to his Motion to Compel, the Court now denies Plaintiff's Motion to Compel Discovery.

As the Court noted in its Order to Show Cause, it is undisputed that HRRG served its responses to Plaintiff's discovery requests on February 22, 2012. In particular, HRRG's certificates of service show that on that date, HRRG's responses to Plaintiff's requests for production and admission were served on Plaintiff's counsel by e-mail and United States mail, and that HRRG's responses to Plaintiff's interrogatories were served on Plaintiff's counsel by facsimile and United States mail. *See* D.E. 29-2 at 13, 32, 34. Plaintiff does not dispute that his counsel received HRRG's discovery responses on February 22, 2012.

This Court's Local Rules require that any discovery-related motion, including a motion to compel discovery, "be filed within thirty (30) days of the occurrence of grounds for the motion." S.D. Fla. L.R. 26.1(h)(1). Here, the "occurrence of grounds" for Plaintiff's Motion to Compel was HRRG's provision of its allegedly inadequate discovery responses to Plaintiff on February 22, 2012. Therefore, under Local Rule 26.1(h)(1), Plaintiff was required to file his Motion to Compel within thirty days of that date —*i.e.*, no later than March 23, 2012.[1] Plaintiff, however, did not file his Motion until three days after this deadline, on March 26, 2012.

The Local Rules make clear that "[f]ailure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought." S.D. Fla. L.R. 26.1(h)(1). For this reason, the Court ordered Plaintiff to show cause why his Motion to Compel should not be denied as untimely. In his response to that Order, Plaintiff asserts that his untimely filing was "due to a calendaring error stemming from the fact that this is a leap year and

---

[1] As previously noted in the Order to Show Cause, the record reflects no intervening communications between the parties—for example, negotiations regarding possible further discovery responses by HRRG—that might have provided a separate "occurrence of grounds" for Plaintiff's Motion to Compel and thereby extended the deadline for its filing. In fact, as far as the record shows, Plaintiff's counsel's only effort to communicate with defense counsel about the issues raised in the Motion was apparently a single, unanswered e-mail correspondence that Plaintiff's counsel sent on March 23, 2012—the day the Motion was due. *See* D.E. 29 at 3 (certificate of conference).

February has 29 days instead of the usual 28." D.E. 41 at 1. According to Plaintiff, he "calendared the due date of the motion as Monday, March 26, 2012, and filed it that day based on a lack of awareness that 2012 is a leap year." *Id.* at 2. This type of error, in and of itself, however, does not provide good cause for out-of-time filing.[2]

Plaintiff further contends that despite "the leap year issue," his Motion to Compel was, in fact, timely filed. D.E. 41 at 1. Relying on Fed. R. Civ. P. 6(d), Plaintiff argues that the deadline for filing a motion to compel was extended by three days because of the manner in which HRRG served its discovery responses. Rule 6(d) modifies the normal rules for computing time (set forth in Fed. R. Civ. P. 6(a)) as follows: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). As relevant here, the specified provisions of Rule 5 generally permit serving a document by mail, by electronic means, or by any other means authorized by the recipient. *See* Fed. R. Civ. P. 5(b)(2)(C), (E), (F). Plaintiff maintains that because HRRG served its discovery responses using these methods, Plaintiff was entitled to three extra days—*i.e.*, until March 26, 2012—to file his Motion to Compel. The Court disagrees.

Rule 6(d) and its three-day extension apply to time periods "[w]hen a party may or must act within a specified time after service." Fed. R. Civ. P. 6(d); *see, e.g.*, Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring a defendant to serve an answer "within 21 days after being served with the summons and complaint"). But Local Rule 26.1(h)(1)—which governs all discovery motions, including motions to compel and motions for protective order—does not require the moving party to "act within a specified time after service" of the opposing party's discovery responses or other documents.

---

[2] A basic and essential part of legal practice is accurate calendaring, and parties and their lawyers are charged with knowledge of the calendar as it actually exists.

3

Instead, the Rule provides that discovery motions "shall be filed within thirty (30) days of **the occurrence of grounds for the motion.**" S.D. Fla. L.R. 26.1(h)(1) (emphasis added). Depending on the particular discovery dispute, the "occurrence of grounds" for a motion to compel could be any of several acts besides service of discovery responses—*e.g.*, a letter from counsel, an e-mail message, a phone call, or discussions during a deposition. Regardless of the specific triggering event, the key point is that once a party seeking discovery learns that the opposing party objects to providing the requested discovery, the first party must seek relief from the court within thirty days or else be deemed to have waived such relief. Here, for example, the "occurrence of grounds" for Plaintiff's Motion to Compel happened when Plaintiff received notice of HRRG's objections to his discovery requests on February 22, 2012. And the fact that this triggering event coincided with HRRG's service of its discovery responses did not extend the thirty-day time limit for Plaintiff to file a motion to compel. *See Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, No. 02-61752-CIV, 2005 WL 5960933, at *2 (S.D. Fla. Nov. 17, 2005) (denying plaintiff's motion to compel further responses to interrogatories, primarily because motion was filed more than thirty days after defendant served its interrogatory answers).

Moreover, the Court declines Plaintiff's request to excuse his violation of Rule 26.1(h)(1) because "Plaintiff has not contravene[d] the purpose of the Local Rule, which is to prevent litigants from waiting until the end of the discovery period to bring a barrage of motions before the Court on long simmering discovery disputes." D.E. 41 at 1. While that is indeed one purpose of the thirty-day time limit in Rule 26.1(h)(1), *see* S.D. Fla. L.R. 26.1 cmts. (1998), the Rule "reflects a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve amongst themselves." *Kendall Lakes Towers Condo Ass'n, Inc. v. Pac. Ins. Co.*, No. 10-24310-CIV, 2011 WL 6190160, at *2 (S.D. Fla. Dec. 2,

2011).  Towards that end, the Rule sets forth a specific period within which discovery motions must be filed.  Defining that period as "thirty days" rather than, for example, the less precise "a reasonable time" reflects the judgment of the District that the filing period should not extend beyond thirty days.  Thus, the Rule has the benefit of making clear precisely when discovery motions must be filed.  If just any simple miscalculation were sufficient to suspend the operation of the Rule, it would quickly become meaningless.  Discovery helps clarify the facts and narrow the issues for decision.  But when that process languishes because parties do not promptly bring discovery disputes before the Court, the progress of the case is slowed.  Given the tight deadlines under which most cases proceed, even short disruptions caused by unresolved discovery disputes can delay pretrial deadlines and the ultimate resolution of the case.  Such unnecessary delays are not acceptable.  Plaintiff's belated response to HRRG's discovery requests, for which no valid reason appears, does not reflect an appreciation of this need for efficient case management or of the responsibility that parties and their counsel share in that task.

     Finally, this is not a case in which one party has unfairly stonewalled another party's efforts to obtain discovery.  A review of HRRG's various discovery responses shows that it responded in good faith to Plaintiff's discovery requests and that it refused to provide discovery only for certain requests that it found objectionable.  Moreover, the record reflects no other significant out-of-court efforts by Plaintiff to obtain the requested discovery.  *See supra* note 1.  The record instead suggests that Plaintiff simply waited too long to challenge HRRG's discovery objections.

     In sum, Plaintiff did not file his Motion to Compel within the time required by the Local Rules.  And Plaintiff has offered no valid reason to excuse the untimely filing.  Accordingly, it is

hereby **ORDERED** that Plaintiff's Motion to Compel Discovery [D.E. 29] is **DENIED.**

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 23rd day of April 2012.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   Hon. Robert N. Scola, Jr.
      Counsel of record