UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61357 SCOLA

STEPHEN M. MANNO et al.,

    Plaintiffs,
vs.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC, et al.,

    Defendants.
_____/

**ORDER ON MOTION TO SET ASIDE MAGISTRATE JUDGE'S DISCOVERY ORDER**

THIS MATTER is before the Court on the Objections to and Motion to Set Aside Magistrate Judge's Discovery Order [ECF No. 91], filed by Defendant Healthcare Revenue Recovery Group, LLC ("HRRG").[1]  The Court has carefully reviewed and considered the Defendant's objections to the Magistrate Judge's ruling, the entire transcript from the hearing before the Magistrate Judge, and the pertinent papers submitted by the parties.  For the reasons explained below, the Defendant's objections are overruled and the motion to set aside is denied.

**Introduction**

This is a putative class action under the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA").  Plaintiff seeks certain discovery from Defendant regarding numerosity, which is a prerequisite to class certification under Federal Rule of Civil Procedure 23(a).  On August 31, 2012, the Magistrate Judge held a detailed hearing on the Plaintiff's motion to compel and announced her ruling from the bench.[2]

The Magistrate Judge granted in part Plaintiff's motion, ordering Defendant to re-produce its corporate representative for deposition within fifteen days.  *See* Mag. Order at 1.  At the

---

[1] Defendant also filed a Motion to Stay Order Granting In Part Plaintiff's Motion to Compel [ECF No. 92], pending a ruling on the Defendant's objections to the Magistrate Judge's decision.  In light of this Order, however, the request to stay is denied.

[2] By order dated September 4, 2012, the essential aspects of the ruling were reduced to writing.  *See* Mag. Order [ECF No. 86].

deposition, the corporate representative would be required, first, to "[i]dentify the number of HRRG accounts for which telephone calls were made by HRRG that meet the narrowed FDCPA class definition presented in [Plaintiff's class certification motion], namely, failure to disclose that [the] communication was from a debt collector pursuant to 15 U.S.C. § 1692(e)(11)"; and, second, to "[i]dentify 200 telephone numbers per month during the four-year TCPA class period (for a total of 9600 telephone numbers) for which HRRG's logs show no communications having taken place prior to the first telephone call being placed, and [shall] provide the date of each such first telephone call, in electronic format." *See id.* ¶¶ 1-2. The Magistrate Judge's ruling necessarily requires Defendant to search for the above-mentioned accounts and telephone numbers ahead of the deposition.

Assuming the corporate representative provides the necessary information during the deposition, then Plaintiff would be allowed thereafter to "request leave to conduct a 'cell phone scrub' of the data[.]" *See id.* ¶ 2. If, on the other hand, the corporate representative testifies that the information cannot be produced, then Plaintiff would be allowed to re-submit the issue to the Magistrate Judge, "requesting further relief and presenting the reasons for non-production given by HRRG's corporate representative," to which the Defendant shall have an opportunity to respond. *See id.*

The Defendant appeals this ruling pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(c)(1). According to Defendant, the Magistrate Judge's ruling is clearly erroneous and contrary to law because to comply, Defendant would have "to conduct an individualized inquiry[,] which makes the discovery irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." *See* Mot. at 4. The Defendant also argues that Plaintiff's motion to compel was "untimely and repetitive." *See id.* at 5-6.

### Standard of Review

A party may appeal a magistrate judge's ruling to the district court pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(c)(1). "When a party objects to a magistrate's non-dispositive order, the district court must consider those 'objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Traylor v. Howard*, 433 F. App'x 835, 836 (11th Cir. 2011) (quoting Fed. R. Civ. P. 72(a)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2012 WL 1440894, at *1

(S.D. Fla. Apr. 4, 2012) (Seitz, J.) (citation omitted).  A magistrate judge's ruling is deemed "clearly erroneous" only when the district court "is left with the definite and firm conviction that a mistake has been committed." *See Salazar v. Wells Fargo Bank, N.A.*, 2011 WL 379145, at *3 (S.D. Fla. Feb. 2, 2011) (Lenard, J.) (citation omitted).  "Clear error is a highly deferential standard of review."  *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005).  The district court may not undo the magistrate judge's determination "simply because it is convinced that it would have decided the case differently." *See id.* at 1351.  "This standard has been described as 'a very difficult one to meet.'" *Thornton v. Mercantile Stores Co.*, 180 F.R.D. 437, 439 (M.D. Ala. 1998) (De Ment, J.).

## Legal Analysis

The Court finds the Magistrate Judge's ruling is neither clearly erroneous, nor contrary to law.  As explained below, Defendant fails to establish that the Magistrate Judge erred in allowing the requested discovery on the class certification issue of numerosity.

First, the Magistrate Judge committed no error in rejecting Defendant's argument that Plaintiff's motion to compel was "untimely and repetitive."  Defendant contends that Plaintiff's motion was untimely because it was filed more than thirty days after Plaintiff had notice of Defendant's objections to class discovery.  At the hearing, however, the Magistrate Judge disagreed, noting that Plaintiff was timely seeking to re-depose HRRG's corporate representative based upon inadequate information received during the first deposition:

> [T]his is a motion to require the corporate rep to re-appear for depo. The depo took place on a certain date. The plaintiff had 30 days to file the motion and asked for an extra day. So based on that, I do not see it being untimely.

*See* Hearing Trans. [ECF No. 89] at 30.

Although Defendant views the relevant procedural history differently, the Magistrate Judge's determination is not clearly erroneous or contrary to law.  Indeed, the Magistrate Judge's ruling appears correct and well-founded.  The Defendant has not offered any case law suggesting otherwise.  Accordingly, this objection is overruled.

Second, the Magistrate Judge did not err in ordering Defendant to provide the discovery on numerosity and to re-produce its corporate representative for deposition.  In arguing otherwise, Defendant maintains that the ruling "forces [it] to conduct an individualized inquiry[,] meaning the discovery is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." *See* Mot. at 6.  According to Defendant, the discovery is improper

because "numerous courts both within the Eleventh Circuit and other jurisdictions have denied class certification because an individualized inquiry would be required." *See id.*

This argument is mistaken. The question before the Magistrate Judge was whether Plaintiff is entitled to discovery on the issue of numerosity, not whether Plaintiff's class certification motion will ultimately succeed. Recognizing this, the Magistrate Judge stated:

> This case is before Judge Scola. We don't know how he will rule [on class certification]. So you are saying that, as I understand your argument, you are saying that the discovery should be denied because Judge Dimitrouleas [in *Hicks v. Client Services, Inc.*, 2008 WL 5479111, at *7-*8 (S.D. Fla. Dec. 11, 2008)] has already denied the TCPA class under these circumstances. . . . But not Judge Scola. So I don't think we need to go further on that because then I would be, in effect, making a decision that would preclude Judge Scola from making his own decision, and I am not going there.
>
> * * *
>
> [W]hat you are proposing is that we tell Judge Scola, "you know, you decide if the class is certifiable first and then come back and do the numerosity issue on the TCPA." I don't think that that is the proper way to go. This is what I am going to order: You give to plaintiff's counsel what they have asked for. Then you can challenge it at the cert motion stage. . . . It is [Plaintiff's] risk. He is the one who is asking you for this, and you are saying, "No. There are nuances. There are issues to be looked at," but at this stage I will order that you [provide the discovery].

*See* Hearing Trans. at 36-37, 48-49.

The Court cannot say that the Magistrate Judge's ruling is clearly erroneous or contrary to law merely because the Plaintiff's motion for class certification will, in Defendant's opinion, ultimately fail. Such an argument is akin to saying that a party need not respond to a discovery request because, in the opinion of that party, the requested information won't help the opposition's case all that much. But such has never been the rule in discovery. Indeed, as Defendant concedes, discovery under Federal Rule of Civil Procedure 26(b) is "broader than the scope of admissible evidence." See Mot. at 5.

"The scope of discovery under Rule 26(b) is broad," and "[i]nformation is relevant if it is 'germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence.'" *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007) (Johnson, J.) (citations omitted). In addition, the Defendant, as the party resisting discovery, has "the burden to demonstrate specifically how the request is unreasonable or not relevant." *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 689 (S.D. Fla. 2011) (Goodman, J.).

Defendant has failed to do so here.  Defendant does not cite a single case where *discovery on a class certification issue was denied* because the class action was arguably doomed to fail.  Instead, Defendant cites several cases where *class certification was denied* because individualized issues predominated.  But the propriety of class certification is not the issue before the Court right now.  While Defendant would essentially have the Court decide that Plaintiff's class action cannot succeed, such a decision would be premature.  Indeed, it strikes this Court as untenable to rule at this stage that Plaintiff's class certification motion fails and, at the same time, Plaintiff is not entitled to the very discovery that may establish an essential element of the class.  *See Drossin v. Nat'l Action Fin. Servs., Inc.*, 2008 WL 5381815, at *3-*4 (S.D. Fla. Dec. 19, 2008) (discovery on the issue of numerosity relevant and proper, as plaintiff bears the burden of proof on that issue and has no other way of establishing it).  Here, the Magistrate Judge committed no clear legal error.  The objection to this portion of her ruling is therefore overruled.

## Conclusion

For the reasons explained herein, the Defendant's Objections to the Magistrate Judge's Ruling are **OVERRULED** and the Motion to Set Aside [ECF No. 91] is **DENIED**.  The Motion to Stay [ECF No. 92] is likewise **DENIED**.  Given that the fifteen day period for compliance has passed, the Defendant shall comply with the Magistrate Judge's order by **September 28, 2012**.  In light of this ruling, the Court will also extend the deadline for Plaintiff to file its reply memorandum in support of its class certification motion to **October 12, 2012**.

**DONE and ORDERED** in chambers, at Miami, Florida on September 18, 2012.

                                          **ROBERT N. SCOLA, JR.**
                                          **UNITED STATES DISTRICT JUDGE**

Copies to:
*Magistrate Judge Otazo-Reyes*
*Counsel of Record*