## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 11-61357 SCOLA

STEPHEN M. MANNO et al.,

      Plaintiffs,

vs.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC, et al.,

      Defendants.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court upon the Motion for Reconsideration of Order Certifying Class Action [ECF No. 184], filed by Defendants Healthcare Revenue Recovery Group, LLC ("HRRG") and Inphynet South Broward, Inc. ("Inphynet") (together, "Defendants"). The Court held oral argument on Defendants' motion on May 29, 2013. While, as explained below, the Defendants are not entitled to reconsideration, the Court will address a few issues raised in the parties' papers and at oral argument. Also, based on the discussion at oral argument, the Court finds it appropriate to slightly tweak the TCPA class definition and to permit the Plaintiff to withdraw his request for willful and knowing damages on behalf of the TCPA class.

Reconsideration is appropriate only in very limited circumstances, none of which are presented here. *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). The Defendants' arguments were either previously considered and rejected, or were not properly raised the first time around. Both in their papers and at oral argument, the Defendants have re-emphasized their core arguments against class certification – arguments that, rightly or wrongly, the Court has already rejected – while also continually raising new issues and arguments why this case cannot be certified as a class action. That is not what reconsideration is for. *See Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (Gold, J.) (reconsideration motions may not be used "to ask the Court to rethink what the Court [ ] already thought through – rightly or wrongly") (citation omitted).

The Defendants may not present arguments, lose, and then say, "wait, actually, here's another reason why class certification is improper."  The parties' arguments should not be moving targets, like clay pigeons, that the Court is forced to repeatedly chase after and shoot down.  The reconsideration device is not designed "to permit losing parties to prop up arguments previously made or to inject new ones," nor "to relieve a party of the consequences of its original, limited presentation."  *See Miss. Valley Title Ins. Co.*, 2012 WL 5328644, at *1 (S.D. Ala. Oct. 26, 2012) (Steele, J.); *see also Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) ("a motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made"); *Vila*, 2005 WL 6104075, at *1 (to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived.").  Thus, under the present circumstances, the Defendants are not entitled to reconsideration.

The Court also does not agree that the Supreme Court's decision in *Comcast Corp. v. Caroline Behrend*, 2013 WL 1222646 (Mar. 27, 2013), treads any new ground in class action law.  That case simply restates rules from *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541 (2011), and other prior decisions.  The *Comcast* decision therefore does not represent a change in law that would warrant reconsideration.  *See, e.g.*, *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151-52 (11th Cir. 2011) ("a change in controlling law is one of the core reasons for filing and granting a motion for reconsideration").  It is clear instead that Defendants are simply trying to find some way to make their otherwise improper attempt at reconsideration appear justified. They have failed to do so.

Similarly wrong is Defendants' suggestion that this Court failed to recognize its obligation to employ a "rigorous analysis" in deciding whether to certify.  That requirement is nothing new and the Court is well aware of it.  It has long been a bedrock principle of class action law, the Supreme Court having first announced it more than thirty years ago in *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982).  No less than twice in its decision, the Court expressly acknowledged its obligation to conduct a "rigorous analysis" before certifying a class.  Moreover, its order reflects that it did so, by carefully considering each of Defendants' ultimately unavailing arguments.  That Defendants do not care for the result does not mean the Court glazed over the issues.  Nor is their dissatisfaction reason to reconsider.  *See Ludwig v. Liberty Mut. Fire Ins. Co.*, 2005 WL 1053691, at *4 (M.D. Fla. Mar. 30, 2005)

("a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning") (citations and internal alterations omitted).

Interestingly, Defendants suggest in their motion that the Court should have probed more into the merits before granting class certification. Then, in their reply, they seem to argue the opposite – that the Court should not delve too deeply into merits-based issues. *Compare* Mot. at 4 ("the Court must determine the viability of plaintiff's and the classes['] claims through a merits inquiry) *with* Reply at 2 ("[rigorous analysis] should not be used to decide the merits of those claims, or even to assess their strength"). So which is it? Defendants cannot have it both ways. The Court believes that it followed the Supreme Court's dictates and towed the appropriate line on when merits inquiries are required. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 2013 WL 691001, at *7 (U.S. Feb. 27, 2013) ("Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.").

Turning to a few of the matters raised at oral argument, Defendants complain that the TCPA class definition is problematic because it does not identify any parameters for determining when an individual is a "Florida resident." Plaintiff suggests that the definition be modified to cover all persons who provided a Florida address at the time of their hospital visit. The Court finds that suggestion reasonable and will modify the TCPA class definition accordingly.

Defendants' next contention is that the issue of consent continues to pose a hurdle to class certification. This Court disagrees. As Plaintiff points out, the Defendants have never argued that express consent to be called was given on a case-by-case, individualized basis to the hospital, Inphynet, or the billing vendor. Nor have they ever offered any evidence pertaining to any putative class member suggesting that such individualized consent might be so pervasive as to predominate over issues common to the class. Instead, their entire argument has been that consent was given merely because putative class members tendered their telephone numbers to the hospital at the time of their medical treatment. As the parties are aware, this argument, based on an FCC ruling, was recently considered and rejected by the Court on summary judgment in a similar case, *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 WL 1283885 (S.D. Fla. Mar. 27, 2013). While this is not the place to adjudicate the merits of Defendants' consent argument, the point is that it does not defeat class certification. The uniform consent argument, based on the hospital admissions paperwork, is subject to classwide resolution, as all putative class members filled out the same paperwork.

The mere possibility that some putative class members may have given express consent on an individualized basis is speculative and not supported on the present record. As stated in the class certification order, this Court is well aware of its continuing obligation to monitor class actions and to decertify if necessary. *See Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001) ("the district court retains the ability, and perhaps even a duty, to alter or amend a certification decision," as circumstances change); *see also* Fed. R. Civ. P. 23(c). Should the circumstances change and should the Defendants have more substantial arguments or evidence in their favor suggesting that individualized consent to the hospital, Inphynet, or the billing vendor is pervasive, then they are welcome to move for decertification at a later time. Absent such evidence, the mere possibility that someone in the class may have specifically authorized one of those entities to call them is insufficient to create a predominating individualized issue rendering class treatment inferior.

The Court, based on the discovery ordered by the Magistrate Judge, has already carved out from the TCPA class definition anyone who had any communications with HRRG prior to the first call. On reconsideration, Defendants object that the discovery pertains only to numerosity and does not show that class certification is otherwise proper. They contend that going the extra step to identify specific persons who lacked such communications would be unwieldy and require individualized inquires. This argument fails to persuade. The Defendants were able to comply with the Magistrate Judge's directives and identify the accounts where HRRG's records showed that the called party did not communicate in any way with HRRG prior to HRRG's automated call. Going the extra step and providing the Plaintiff with names and contact details of such individuals does not strike the Court as unduly burdensome.

The Defendants' next argument is that determining willful and knowing damages under the TCPA will require individualized inquiries that defeat certification. In response at oral argument, Plaintiff offered to withdraw his request for willful and knowing damages and seek only statutory damages on behalf of the class. The Defendants replied that such a concession makes the Plaintiff an inadequate class representative. This argument is mistaken. As numerous courts have held, the named plaintiff is not rendered inadequate just because he elects to pursue some remedies, but not others, so long as putative class members are given adequate notice and opportunity to opt out. *See, e.g.*, *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006); *Chakejian v. Equifax Info. Servs. LLC*, 256 F.R.D. 492, 499-500 (E.D. Pa. 2009); *Andrade v. JP Morgan Chase Bank, N.A.*, 2009 WL 2899874, at *3 (E.D.N.Y. Sept. 4, 2009);

*Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 141 (D.N.J. 2009); *In re Farmers Ins. Co., FCRA Litig.*, 2006 WL 1042450, at *7 (W.D. Okla. Apr. 13, 2006); *Braxton v. Farmer's Ins. Group*, 209 F.R.D. 654, 660 (N.D. Ala. 2002).  Consistent with this line of authority, the Court finds that the opt-out procedure is sufficient to safeguard the interests of any class members who may wish to pursue willful and knowing damages on their own.  The Court will require that the class notice clearly and expressly inform putative class members that the Plaintiff will not be seeking willful and knowing damages on their behalf and that they have the right to opt out and pursue such damages on their own, if they so wish.

The Court notes that, in any event, it would be reluctant to award willful and knowing damages in this case, even if Plaintiff chose to pursue them.  The statute provides that "the court may, in its discretion," award up to treble damages if it "finds that the defendant willfully or knowingly violated" the TCPA.  *See* 47 U.S.C. § 227(b)(3)(B).  Even supposing that the Defendants violated the statute, the Court would not be inclined to exercise its discretion to award willful and knowing damages where, as here, the Defendants relied upon an FCC ruling, embraced by other courts, regarding the issue of uniform consent.  The Plaintiff's choice to abandon damages that the class is not likely to win does not render him an inadequate representative.  At bottom, the decision to forego willful and knowing damages is a strategy decision that this Court should not second guess.  *See Chakejian*, 256 F.R.D. at 500 (where "there are inherent difficulties inherent in tracing and proving" the damages plaintiff seeks to abandon, it is "not the court's place to second guess" his litigation strategy); *see also In re Farmers Ins. Co., FCRA Litig.*, 2006 WL 1042450, at *7 ("There is no showing in the record that the election of statutory damages as a remedy by the named plaintiffs would not benefit the majority, if not all, of the members of the class.").

Finally, as to Defendants' purported bona fide error defense under the FDCPA against the Plaintiff, the Court finds that such an issue does not defeat certification.  Defenses unique to the Plaintiff are problematic only when they become a consuming focus of the litigation.  Defendants' bona fide error defense does not fall into that category.  *See Marcus v. BMW of North Am., LLC*, 687 F.3d 583, 600 (3d Cir. 2012) (rejecting argument that unique defenses defeated certification where defendants "failed to demonstrate how any defenses unique to [named plaintiff's] claims will become a major focus of the litigation").

Accordingly, for the reasons set forth herein, the Defendants' Motion for Reconsideration of Order Certifying Class Action [ECF No. 184] is **DENIED**.  The TCPA class definition is modified to cover individuals who provided a Florida address to the hospital at the time of medical treatment.  The Court also approves Plaintiff's election to withdraw, on behalf of the class, his request for willful and knowing damages under the TCPA.  In all other respects, the Court's prior class certification ruling remains intact.  ***By June 10, 2013***, class counsel shall submit to the Court a proposed schedule for providing the class members the requisite notice, as outlined in Rule 23(c)(2).  As stated at the hearing, the Court will grant a continuance of trial and any other reasonable requests for extensions of time that may be necessary, if the parties can come to an agreement.  If the parties cannot agree, they may present their respective positions to the Court for a ruling.

**DONE and ORDERED** in chambers, at Miami, Florida on May 30, 2013.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE