UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  11-61357 SCOLA/OTAZO-REYES

STEPHEN M. MANNO, on behalf of himself
and all others similarly situated,

        Plaintiffs,

vs.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC d/b/a ACCOUNT
RESOLUTION SERVICES and INPHYNET
SOUTH BROWARD, INC.,

        Defendants.
_____/

**DEFENDANTS' MOTION FOR STATUS AND CASE MANAGEMENT CONFERENCE AND ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S REVISED MOTION FOR APPROVAL OF CLASS NOTICES**

Defendants, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ACCOUNT RESOLUTION SERVICES and INPHYNET SOUTH BROWARD, INC., by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 16, hereby move for a status and case management conference and, to the extent necessary, also move for an enlargement of time to respond to Plaintiff's Revised Motion for Approval of Class Notice, and state:

This Court recently lifted the stay that had been in place while Defendants petitioned the Eleventh Circuit Court of Appeals for interlocutory appeal.  There is currently no case management schedule in place governing the progression of this action.  Just prior to the Court entering a stay in June 2013, the Court's law clerk indicated it was likely the Court would conduct a hearing to discuss scheduling and class notice issues.  Defendants respectfully request

that a status conference be held to address the current procedural posture of this action; the potential impact that the *Mais v. Gulf Coast Collection Bureau, Inc.* interlocutory appeal may have upon this action; whether an additional stay is appropriate in light of the Eleventh Circuit's acceptance of the *Mais* appeal; the timing for responding and/or objecting to Plaintiff's revised proposed class notices, as well as the timing and sequencing of effectuating class notice, class member discovery; and other future scheduling matters, including a potential motion to decertify the class(es), to the extent necessary.

## Recent Procedural Background

On March 26, 2013, this Court certified two classes in this action, one under the Fair Debt Collection Practices Act ("FDCPA") and one under the Telephone Consumer Protection Act ("TCPA") [DE 181].

On May 30, 2013, this Court denied Defendants' motion for reconsideration. [DE 197].

On June 10, 2013, Plaintiff moved for approval of class notice [DE 200].

On June 13, 2013, Defendants filed their notice of filing Rule 23(f) petition. [DE 201].

On June 19, 2013, Defendants moved to stay the proceedings. [DE 202].

On June 19, 2013, Plaintiff filed a Notice of Filing Corrected Exhibits Regarding Plaintiff's Motion for Approval of Class Notice and Proposed Schedule for Notification. [DE 203]. Although Plaintiff has styled his filing as a "Notice of Filing Corrected Exhibits," the new filing includes changes to the proposed Class Notices which form the basis for his motion. As such, the Notice is more appropriately considered an amendment to Plaintiff's original Motion, thereby triggering a new response date.

On June 20, 2013, the Court stayed the proceedings based upon Defendants' Rule 23(f) petition for permission to appeal, and the Court's Order was docketed on June 21, 2013. [DE 204].

Following the Eleventh Circuit's denial of Defendants' Rule 23(f) petition, this Court recently lifted the stay of the proceedings on October 1, 2013.  [DE 208].

### A Status and Case Management Conference is Appropriate

There is currently no case management schedule in place.  For this case to proceed, the next steps appear to be addressing class notice issues and the timing and sequencing of class notice and discovery, as well as other future scheduling that may include pretrial matters and trial.  Defendants also respectfully submit that it would be  appropriate to consider an additional stay given that, if the Eleventh Circuit reverses the trial court's summary judgment in the *Mais* interlocutory appeal, that ruling in *Mais* may be dispositive to the TCPA claims asserted in this action.

Due to the time that lapsed during the stay, Defendants are now uncertain as to the timing and scheduling that is required going forward, including but not limited to the deadline for their response to Plaintiff's Revised Motion for Approval of Class Notices.  Federal Rule of Civil Procedure 16(b) allows the Court to have one or more pretrial conferences in order to manage the timing of the case.  Moreover, Rule 16(b)(4) provides that a schedule may be modified for good cause and with the judge's consent.  At this time, there is no schedule in place to govern how the action is to progress.  To remedy this uncertainty, Defendants respectfully request a status and case management conference with the Court to assess the current status of the action, consider whether an additional stay is appropriate, and determine the scheduling of briefing on pending

and future motions and other upcoming deadlines, including the timing and sequencing of class notice and discovery issues.

### Defendants Move for an Enlargement of Time to Respond to Plaintiff's Revised Motion to Approve Class Notices

To the extent it is deemed necessary, Defendants also move for an enlargement of time to respond to Plaintiff's Revised Motion to Approve Class Notices, and ask that the Court address that request in conjunction with a status and case management conference.  Plaintiff's Revised Proposed Class Notices were served on June 19, 2013.  Accordingly, to the extent the lifting of the stay has reactivated the response deadline for that motion, Defendants understand the earliest deadline to respond to Plaintiff's motion for approval of the corrected proposed class notice to be no earlier than October 18, 2013.   Given the uncertain procedural posture of the action, and the recent lifting of the stay, Defendants hereby move for an enlargement of time to respond to the proposed revised class notices until such time as the court conducts a status and case management conference and sets a schedule related to how the parties are directed to move forward, if at all, given the Eleventh Circuit's acceptance of the interlocutory appeal in *Mais*.

Based upon the foregoing, Defendants request that this Court schedule a status and case management conference to assess the status of this action, and to the extent appropriate, determine the scheduling of pending motions and other upcoming deadlines, and further requests this Court enlarge the time for Defendants to respond to Plaintiff's Revised Motion for Approval of Proposed Class Notices.

### Local Rule 7.1(a)(3) Certification

Counsel for the Defendants has conferred with Plaintiff's counsel who requested a copy of the motion to advise whether Plaintiff opposed or agrees to the relief sought in this motion.

14880376v1  0927664

Defense counsel provided a copy of the motion to Plaintiff's counsel and will advise this Court of Plaintiff's response once notified.

WHEREFORE, Defendants, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ACCOUNT RESOLUTION SERVICES and INPHYNET SOUTH BROWARD, INC., respectfully request this Court enter an Order scheduling a status and case management conference, and enlarging the time for Defendants to respond to Plaintiff's Revised Motion for Approval of Proposed Class Notice to a reasonable time after the Court enters a case management schedule and otherwise directs the parties to proceed, and enter any other relief this Court deems proper.

*s/Barbara Fernandez*
David P. Hartnett
Florida Bar No. 0946631
dhartnett@hinshawlaw.com
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
Hinshaw & Culbertson LLP
2525 Ponce de Leon Boulevard
Suite 400
Miami, Florida 33134-6044
Tel. No. 305-358-7747
Fax No. 305-577-1063
Attorneys for Defendants

Case No. 11-61357  SCOLA/OTAZO-REYES

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day, in the manner specified above, on all counsel of record identified below.

| | |
|---|---|
| DONALD A. YARBROUGH, ESQ.<br>Post Office Box 11842<br>Ft. Lauderdale, FL  33339<br>Phone:  954 537-2000<br>Fax:  954 566-2235<br>don@donyarbrough.com | Edward A. Moss, Esq.<br>Florida Bar No. 57016<br>SHOOK, HARDY & BACON LP<br>Miami Center – Suite 3200<br>201 South Biscayne Boulevard<br>Miami, FL   33131-4332<br>Tel: 305-358-5171<br>Fax: 305-358-7470<br>Email:  Emoss@shb.com<br>Counsel for Defendant Inphynet South Broward, Inc. |
| O. Randolph Bragg, Esq.<br>Horwitz, Horwitz & Associates<br>25 E. Washington Street<br>Suite 900<br>Chicago, IL  60602<br>Tel:  312-372-8822<br>Fax: 312-372-1673<br>rand@horwitzlaw.com | Rebecca J. Schwartz (pro hac vice)<br>SHOOK, HARDY & BACON LP<br>2555 Grand Boulevard<br>Kansas City, MO   64108<br>Tel:  305-358-5171<br>Fax:  305-358-7470<br>Email:   emoss@shb.com<br>Counsel for Defendant, Inphynet South Broward, Inc. |

*s/Barbara Fernandez*
Barbara Fernandez

14880376v1  0927664