United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Stephen M. Manno, *et al.* Plaintiffs ) | |
| ) | |
| v.  ) | Civil Action No. 11-61357-Civ-Scola |
| ) | |
| Healthcare Revenue Recovery ) | |
| Group, LLC. *et al.*, Defendants ) | |

### Order

The parties asked the Court to grant preliminary approval of its FDCPA class action settlement. (Joint Mot., ECF No. 246.) However, the Court explained that this motion was premature and asked the parties to either come to an agreement or brief the Court on two outstanding issues. (*Id.*) Those issues are: (1) the deadline to file class counsel's motion for attorneys' fees and (2) the point in time that Defendant Health Revenue Recovery Group's (HRRG) net worth should be calculated for purposes of settlement. (*See* Mot. 4–6.) Having reviewed the briefs, the record, and the relevant legal authorities, the Court has resolved the issues as follows:

First, as to the deadline for the motion for attorneys' fees, the Court finds class counsel must file its motion for fees prior to final approval of the class settlement. The Defendants argue that class counsel must move for fees prior to notice to the members or, at a minimum, prior the final approval of the settlement agreement. (Defs.' Brief 2, ECF No. 251.) In contrast, the Plaintiffs assert that their motion for fees and costs should be filed within sixty days of entry of the final order approving the settlement. (Pl.'s Brief 5, ECF No. 250.)

Federal Rule of Civil Procedure 23(h) sets forth the guidelines for requests for attorneys' fees—it requires notice of the motion to be "directed to class members in a reasonable manner" and allows a class member to object to the motion. Accordingly, the Court finds that the motion must be filed prior to final approval of the class action settlement to allow class counsel to time provide notice to the members in a "reasonable manner." Additionally, class counsel should include in its Class Notice that the Plaintiffs intend to seek attorneys' fees, and will file their request for attorneys' fees no later than forty-five days prior to the final approval hearing. *See* Fed R. Civ. P 23(h) advisory committee's note to 2003 amendment ("In cases in which settlement approval is contemplated under Rule 23(e), notice of class counsel's fee motion should be combined with notice of the proposed settlement. . . .").

Second, as to the calculation of HRRG's net worth, the Court finds that its net worth should be calculated at the time the parties settled this matter. Section 1692k of the FDCPA imposes a cap on damages to be awarded to a class—the lesser of $500,000 or 1% of a defendant's net worth. The Plaintiffs contend that HRRG's net worth should be calculated at the time the parties settled the case (Pl.'s Brief, ECF No. 250), while the Defendants argue that HRRG's net worth should be calculated at the time the action was filed, on June 15, 2011. (Defs.' Brief, ECF No. 251.)

The purpose of the net worth limitation "is not its punitive nature . . . but a recognition that an award of statutory punitive damages may exceed a company's ability to pay and thereby force it into bankruptcy." *Sanders v. Jackson*, 209 F.3d 998, 1002 (7th Cir. 2000). Accordingly, the primary purpose "is a protective one" "ensur[ing] the defendants are not forced to liquidate their companies in order to satisfy an award of punitive damages." *Id.* (citing *Boggs v. Alto Trailer Sales, Inc.,* 511 F.2d 114, 118 (5th Cir.1975) (interpreting an identical provision in the TILA and finding it was designed to protect businesses from catastrophic damage awards)). As a result, the relevant net worth is at the time of settlement, not at the time the Plaintiffs filed suit.

Therefore, the Court **orders** the parties to file a revised motion for preliminary approval of the settlement agreement, settlement agreement, and class notice, along with any other relevant documents, by **May 31, 2016** consistent with this Order.

**Done and ordered** in chambers, at Miami, Florida, on May 9, 2016.

_____
Robert N. Scola, Jr.
United States District Judge