United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Stephen M. Manno, on behalf of himself and all others similarly situated, Plaintiffs,<br><br>v.<br><br>Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services, and Inphynet South Broward, Inc., Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 11-61357-Civ-Scola<br>)<br>)<br>)<br>)<br>)<br>) |

## Judgment Granting Final Approval of FDCPA Class Action Settlement and Other Relief

This matter came before the Court for a final Fairness Hearing on October 13, 2016, pursuant to the Court's Preliminary Approval Order. (Order, ECF No. 260.) The parties sought final approval of the Settlement Agreement dated October 30, 2015 (the "Agreement" or "Settlement Agreement"), between Plaintiff, Stephen Manno, and a class of Persons similarly situated (collectively, "Plaintiffs" or "Class Members"), and Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG").

After the Fairness Hearing, the Court ordered the parties to submit information regarding the status of the Defendant Inphynet South Broward, Inc., and to show cause what effect, if any, Inphynet's status would have on the Court's approval of the Settlement Agreement. (Order, ECF No. 274.) The Court has reviewed the parties' submissions (ECF Nos. 275 & 276) and considers final approval of the Settlement Agreement appropriate at this time.

Also before the Court is Plaintiffs' Motion for Award of Attorney's Fees and Costs (Mot., ECF No. 262) and Plaintiffs' Class Representative's Unopposed Motion for Incentive Award (Mot., ECF No. 271). The Class Members have been given due and adequate notice as required in the Preliminary Approval Order:

   A. The total number of Class Members is approximately 8,312;

   B. Notice was sent by first class mail to 8,312 persons at their last known mailing address using Accessible Contact Information;

   C. The United States Postal Service returned 1,933 Notices to the Settlement Administrator, First Class, Inc., as undeliverable.  A total of 63 notices were either forwarded by the U.S. Postal Service to a new address, or were returned by the U.S. Postal Service with a new address and re-mailed by First Class, Inc.;

D. No Class Members have made objections to the Settlement;

E. From a total of approximately 8,312 Class members, 1 member properly opted out of the Settlement; and

F. The hearing to address the Motion for Final Approval and the Motion for Attorney's Fees and Costs was held before the Court on October 30, 2016, at 8:30 a.m. No one other than counsel for the Parties appeared at the hearing.

The Court has considered the Motions, the record, the arguments made at the hearing, the relevant legal authorities, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Settlement Agreement is **APPROVED**. In addition, the Court **grants** Plaintiffs' Motion for Award of Attorney's Fees and Costs (**ECF No. 262**) and **grants** Plaintiffs' Class Representative's Unopposed Motion for Incentive Award (**ECF No. 271**).

Further, the Court has considered the Notice of Settlement filed by the Defendants' counsel on behalf of HRRG and Inphynet (ECF No. 240), the emails from the Defendants' counsel discussing "global settlement" on behalf of "Defendants" (Resp. Ex. A at 3, ECF No. 275-1), and the parties' proposed final order approving of the class action settlement—specifically the proposed language of paragraph 3(B) "dismiss[ing] with prejudice the Action" and of paragraph 9 "enter[ing] this Judgment and clos[ing] this matter." Thus, pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court **dismisses with prejudice** the Defendant Inphynet South Broward, Inc., each side to bear its own fees and costs, except as otherwise provided below.

It is further **ORDERED AND ADJUDGED** as follows:

1. <u>Definitions</u>. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions of the Settlement Agreement dated as of October 30, 2015.

2. <u>Notice</u>. The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the Parties implement it, as follows:

A. The Parties are directed to implement the settlement in accordance with its terms. Payment of $1,001.00 shall be made to Stephen Manno, the Class Representative, for payment of his individual damages sought in this action. A Class Settlement Fund has been determined to be established in the amount of $147,740.00. Payment of up to $10,000.00 is also awarded to Stephen Manno as

an incentive award for acting as the Class Representative, and this incentive award is to be paid from the Class Settlement Fund from the amount of unclaimed or uncashed class member distribution checks. Payment of the $147,740.00 settlement fund is to be made on a *pro-rata* basis to all Class Members who did not opt-out of the settlement. Any funds unclaimed 90 days after funds have been sent must be paid over as a *cy pres* award to be distributed to Legal Aid Services of Broward County, Inc., after distributing the incentive award to Plaintiff Manno.

     B.  Except as to any individual claim of those Persons who have timely and effectively requested exclusion from the Settlement Class under the Agreement, the Court hereby **dismisses with prejudice** the Action, all claims contained therein, and all Released Claims against Released Parties.

     C.  The Parties are to bear their own costs and attorney's fees, except as otherwise provided in the Agreement and this Order.

     D.  Upon the Final Approval of the Settlement Agreement, the Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class, shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged all Released Claims, as defined and contemplated in Paragraphs 36-38 of the Settlement Agreement.

     Further, the Class Representative and all Class Members (and the successors and assigns of any of them) who have timely and effectively requested exclusion from the Class, are hereby permanently barred and enjoined from instituting or prosecuting as against the Defendant, the Defendant's Related Parties or Defendant's Counsel (HINSHAW & CULBERSTON, LLP, HARTNETT LAW P.A., and their employees, partners and associates), either directly or indirectly or in any other capacity, any and all claims that were or could have been asserted in the present action, or any other action or proceeding, that relate to Defendant's attempts to collect debts from the Class Representative or Class Members during the one year period prior to filing the Complaint in this action (from June 15, 2010, to June 15, 2011) through Preliminary Approval.

     E.  Nothing herein shall alter, amend, or terminate the right of Defendant and its clients to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) allegedly owed by any Class Member, for any debt.  Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which Defendant and its clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which Defendant and its clients may have against any or all Class Members or any other person or entity. Nothing herein shall otherwise void or abrogate the contractual obligations of any Class Member nor impair or limit any right or

cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendant and its clients.

  4. <u>Injunction</u>. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

  5. <u>Defendant's Denial of Liability</u>. The Court notes that Defendant denies any liability to Plaintiffs or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

  6. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement, and this Order and Judgment.

  7. <u>Attorney's Fees</u>. After reviewing Class Counsel's motion for attorney's fees (ECF No. 262) in support of final approval, the Court **awards** to Class Counsel Attorney's Fees and costs in the total amount of $ 110,000.00.

  8. <u>Timing of Payments or Consideration</u>. No later than fourteen (14) days after the Entry of Judgment becomes Final as defined by Paragraph 14 of the Class Action Settlement Agreement and Release, settlement checks shall be distributed to all Class Members who have not properly opted out of the settlement and Defendant shall pay $1,001.00 to Stephen Manno and $110,000.00 to Class Counsel for Attorney's Fees and Costs.

  9. <u>Entry of Judgment</u>.  The Clerk of the Court is instructed to enter this Judgment and **close** this matter. All pending motions are **denied as moot**.

  **Done and ordered**, at Miami, Florida, on November 9, 2016.

               _____
               Robert N. Scola, Jr.
               United States District Judge